## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In Re:

**CAPITAL ASSET MANAGEMENT, LLC,**                         **CASE NO. 20-12204-SDM**
**Debtor**

**Premier Trust, Inc., as Independent Trustee of**          **PLAINTIFF**
**the MINGA 2013 Irrevocable Trust**

**V.**                         **ADVERSARY PROCEEDING NO. 20-01038-SDM**

**CAPITAL ASSET MANAGEMENT, LLC;**          **DEFENDANTS**
**ROCHE DIAGNOSTICS CORPORATION**
**and ROCHE DIABETES CARE, INC.,**
**PRIORITY HEALTHCARE**
**CORPORATION D/B/A PRIORITY CARE;**
**PRIORITY CARE PHARMACY**
**SOLUTIONS, LLC; PRIORITY CARE**
**PHARMACY 2, LLC; VINCENT**
**PRIORITY CARE PHARMACY, LLC**
**D/B/A THE MEDICINE CHEST; VICKERS**
**PRIORITY CARE PHARMACY, LLC;**
**MAIN STREET DRUGS, LLC; PRIORITY**
**CARE PROFESSIONAL STAFFING, LLC;**
**MEDPOINT, INC.; MEDPOINT, LLC;**
**MEDPOINT ADVANTAGE, LLC;**
**MEDPOINT PROFESSIONAL**
**HEALTHCARE STAFFING, LLC; KJM**
**HOLDINGS, LLC; MINGA**
**INVESTMENTS, LLC; KONIE MINGA;**
**PHILLIP ANOTHONY (sic) MINGA**

## ANSWER AND DEFENSES TO ADVERSARY COMPLAINT, COUNTERCLAIM AND CROSS CLAIMS

COME NOW Priority Healthcare Corporation d/b/a Priority Care; Priority Care Pharmacy

Solutions, LLC; Priority Care Pharmacy 2, LLC, Vincent Priority Care Pharmacy, LLC d/b/a The

Medicine Chest; Vickers Priority Care Pharmacy, LLC; Main Street Drugs, LLC; Priority Care

Professional Staffing, LLC; MedPoint, Inc.; MedPoint, LLC; MedPoint Advantage, LLC;

Professional Healthcare Staffing, LLC; KJM Holdings, LLC; Minga Investments, LLC, Konie Minga

and Phillip Anthony Minga (collectively the "Debtor Defendants") and file this their *Answer and

Defenses to Adversary Complaint, Counterclaim and Cross Claim* in response to the Adversary

Complaint (the "Complaint") **[DK #1]** and in support thereof would respectfully show as follows, to-

wit:

## FIRST DEFENSE

AND NOW, answering the allegations of the Adversary Complaint paragraph by paragraph,

the Debtor Defendants answer and allege as follows, to-wit:

Paragraphs 1-62:      Admitted.

## FIRST CAUSE OF ACTION - DECLARATORY RELIEF

63.    The Debtor Defendants reallege all prior admissions and incorporate the same herein

by reference.

64.    Admitted.

65.    Admitted.

66.    Admitted.

67.    Admitted.

68.    Admitted.

## AFFIRMATIVE RESPONSES

Responding affirmatively to the allegations within the First Cause of Action - Declaratory

Relief, the Debtor Defendants reserve any and all claims they have with respect to funds transferred

by, or on behalf of, any of the Debtor Defendants to the Premier Trust, Inc. (and/or to its wholly

owned subsidiary Capital Asset Management, LLC ("Capital Asset") for future claims asserted herein.

## SECOND CAUSE OF ACTION - TURNOVER OF PROPERTY

69.     Admitted.

70.     Admitted.

71.     Admitted.

72.     Admitted.

73.     Admitted.

### Last Unnumbered Paragraph

The Debtor Defendants admit that Premier Trust, Inc. (the "Trust") is entitled to the relief prayed for in the Last Unnumbered Paragraph of the Adversary Complaint; however, the Debtor Defendants reserve any claims they may have against the Trust and/or its wholly owned subsidiary, Capital Asset for transfers which may be recoverable by some, or all, of the Debtor Defendants.

WHEREFORE, PREMISES CONSIDERED, the Debtor Defendants respectfully pray that upon a hearing hereof, this Honorable Court will enter relief consistent with the admissions and denials in this Answer.

## COUNTERCLAIM

AND NOW the Debtor Defendants add this Counterclaim against Premier Trust, Inc. and in support thereof would respectfully show as follows, to-wit:

1.      As indicated in the Adversary Complaint, a significant amount of money was paid by the Debtor Defendants to Premier Trust, Inc. in 2018.

2.      The Complaint reflects, in Paragraphs 49 and 50, that KJM Holdings, LLC deposited

the sum of $5,000,000 into the Ameritrade CAM Account on January 16, 2018, and KJM Holdings,

LLC deposited, on September 21, 2018, a deposition of $7,000,000 into that same account.

3.      While these funds were not directly deposited to the Trust, to the extent that it is

ultimately determined that these funds are property of the Trust, the Debtor Defendants assert claims

back against the Trust (and more particularly claims against Capital Asset based on avoidance claims

and causes of action).  These will be detailed hereinafter more particularly in the Cross Claim of the

Debtor Defendants against Capital Asset; however, Debtor Defendants add this Counterclaim against

Premier Trust, Inc. and assert that to the extent the Trust "ends up with" any of the funds that were

transferred in 2018 (or any prior transfers for that matter), the funds are subject to the avoidance

claims and causes of action set forth by the Debtor Defendants against Capital Asset, which are

incorporated here by reference.

WHEREFORE, PREMISES CONSIDERED, to the extent funds transferred from Debtor,

KJM Holdings, LLC ("KJM") and/or Debtor Minga Investments, LLC ("Minga Investments") to the

Premier Trust, Inc. in 2018 may be determined to be property of the Trust, they are subject to the

avoidance claims and causes of action asserted by the Debtor Defendants.

## CROSS CLAIM AGAINST CAPITAL ASSET MANAGEMENT, LLC

COME NOW the Debtor Defendants, and, in particular, Debtor Defendant, KJM, and add

this Cross Claim against Capital Asset, and sue Capital Asset as follows, to-wit:

1.      The Debtor Defendants are Debtors in a series of Chapter 11 cases that are pending

in this Honorable Court.  Debtor Defendants incorporate the allegations of the Complaint, and the

Debtor Defendants' admissions and denials thereto, herein the same as if set forth in full within this

Cross Claim.

2.      This Honorable Court has jurisdiction of the subject matter herein and the parties

hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 541, 542, 544, 547, 548, 550,

1107, 1109, various statutes, various rules and orders of reference. This is a core proceeding. To

the extent this adversary proceeding is deemed to be, in whole or in part, a non-core or related

proceeding, Plaintiff consents to the entry of a final judgment by the Bankruptcy Court.

3.      As set forth in the Adversary Complaint, certain of the Debtor Defendants herein

established the Trust in 2012. From time to time thereafter various Debtor Defendants contributed

funds to the Trust. This Cross Claim arises, or will arise, out of the transactions or occurrences that

is the subject of the original claim/complaint, and it relates to, or will relate to, property that is the

subject matter of the original claim.

4.      According to the Complaint, Debtor and Defendant, KJM, deposited funds it owned

in the amount of $5,000,000 into the Ameritrade Capital Asset account on January 16, 2018.

5.      In addition, Debtor, KJM, also deposited $7,000,000 into the Ameritrade Capital

Asset account on September 21, 2018.

6.      Debtor Defendant, KJM, not only received less than reasonably equivalent value in

exchange for the January 16, 2018, and February 21, 2018, transfers, it actually received no

consideration at all.

7.      Whether the transfers were made with intent to hinder, delay or defraud, or whether

they were made in furtherance of estate planning is of little consequence because, no matter what

was the purpose of the transfers, Debtor Defendant, KJM, not only received less than reasonably

equivalent value, it received no value for the transfers.

8.      At the time of these transfers, KJM was insolvent, or it became insolvent as a result

of the transfers.

9.      To the extent the transfers occurred within two years of the filing of the Bankruptcy

Petition by KJM, they constitute constructive fraudulent conveyances pursuant to 11 U.S.C. §§ 548 and 550 in the amount of the transfers.

10.     Accordingly, KJM is entitled to a judgment against Capital Asset for the amount of the transfers, together with all lawful interest thereon and all cost of court incurred herein.

11.     In addition, the transfer made on or about January 16, 2018, was an avoidable transfer under the laws of the State of Mississippi and 11 U.S.C. § 544 in that, as previously stated, KJM not only received less than reasonable equivalent value for the transfer, it actually received no value whatsoever.

12.     In connection with the January 16, 2018, transfer, KJM was insolvent or became insolvent as a result of the transfer.

13.     Accordingly, KJM is entitled to a judgment against Capital Asset for the amount of the January 16, 2018, transfer together with all lawful interest thereon and all cost of court incurred herein.

WHEREFORE, PREMISES CONSIDERED, Debtor Defendant, KJM, sues Capital Asset and respectfully demands that upon a hearing hereof this Honorable Court will enter its judgment in favor of KJM against Capital Asset in the sum of $5,000,000, plus all lawful interest thereon and all cost of the court incurred herein as a result of the January 16, 2018, transfer and a judgment in the sum of $7,000,000, together with all lawful interest thereon and all cost of the court incurred herein as a result of the September 21, 2018, transfer.  KJM respectfully prays for general relief.

### CROSS CLAIMS AGAINST ROCHE DIAGNOSTICS CORPORATION AND ROCHE DIABETES CARE, INC.

COMES NOW KJM Holdings, LLC ("KJM") and sues Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (collectively "Roche") through this Cross Claim, and in support hereof would respectfully show as follows, to-wit:

1.      KJM Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Amory, Mississippi.

2.      Defendant Roche Diagnostics Corporation is an Indiana corporation with its principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250. It may be served with process of this Cross Claim by serving its counsel of record.

3.      Defendant Roche Diabetes Care, Inc. is a Delaware corporation with its principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250. It may be served with process of this Cross Claim by serving its counsel of record.

4.      This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 541, 542, 544, 547, 548, 550, 1107, 1109, various statutes, various rules and orders of reference. This is a core proceeding. To the extent this adversary proceeding is deemed to be, in whole or in part, a non-core or related proceeding, Plaintiff consents to the entry of a final judgment by the Bankruptcy Court.

5.      As stated in the Adversary Complaint (which is incorporated herein by reference) filed in this Adversary Proceeding, on September 11, 2018, Roche filed litigation against the Debtor Defendants, and a number of other Defendants in the United States District Court for the Northern District of Alabama, Southern District. The litigation was assigned Case Nos. 2:18-00521-AKK; 2:18-00522-AKK; 2:18-00523-AKK and 2:18-CV-0149-KOB (the "Roche ligation"). This Cross Claim arises, or will arise, out of the transactions or occurrences that are the subject of the original Trust claim/complaint, and it relates to, or will relate to, property that is the subject matter of the original Trust claim.

6.      That Roche original Complaint was amended twice. The Second Amended

Complaint claims that Debtor Defendants, Phillip and Konie Minga's (the "Mingas") business dealings with Roche commenced in late 2013. The Second Amended Complaint sets forth causes of action against the Mingas arising out of the business relationships that resulted by, between and among Roche and certain of the Debtor Defendants.

7.    The Second Amended Complaint also asserts state law fraudulent conveyance claims against KJM and seeks the imposition of a constructive trust upon the assets of KJM and the Mingas.

8.    In late 2019, Roche, in the Roche litigation, filed a Motion **[DK #252]** seeking the "freezing" of substantially all of the assets of the Debtor Defendants, including the assets of KJM. The Motion is designated as Docket No. 252 in the Roche litigation, but it has been filed under seal and the undersigned counsel has not received a copy of it.

9.    The Court, in the Roche litigation, granted the Roche Motion to Freeze Assets. Assets of KJM, that were located in accounts and through a certificate of deposit owned by KJM, were frozen and then transferred to the registry of the Court in the Roche litigation where they are currently being held. That Court's opinion and order are also under seal.

10.    These transfers (of approximately $2,500,000) were transfers of property of KJM, in its status as a free standing entity, against whom no judgment has been rendered. The property frozen, and then transferred, and that remains in the monetary registry of the Court in the Roche litigation, belonged to KJM at the time it was frozen and transferred, and now belongs to the Debtor-in-Possession.

11.    On or about June 2, 2020, KJM initiated this Chapter 11 case.

12.    Counsel for KJM, in a letter dated August 3, 2020, requested that Roche initiate

papers with the court in the Roche litigation seeking the return, to KJM, of the funds that were frozen

and then transferred.  A copy of counsel's letter is attached, incorporated by reference and marked

as **Exhibit "A."**

13.    Counsel for Roche promptly responded in a letter dated the same date-August 3,

2020.  Roche declined to initiate pleadings for the transfer of the funds, contending that they did not

belong to KJM (or any other Debtor) and opined that filing pleadings in the Roche litigation would

be a violation of the automatic stay.  But if it were not in violation of the automatic stay, Roche

asserts it would not initiate any papers in the Roche litigation seeking a return of the funds to KJM.

### FIRST CAUSE OF ACTION - DECLARATORY RELIEF
### (DECLARATION AS TO THE OWNERSHIP OF PROPERTY)

14.    KJM re-alleges all prior paragraphs and incorporates the same herein by reference.

15.    The funds that were frozen, and then transferred, pursuant to Roche's request

constituted property of KJM pre-petition, and they constitute property of KJM post-petition.  They

were "taken" from a KJM account and certificate of deposit owned by KJM.

16.    KJM asserts that the applicable funds are its property.  They are claimed as such in

KJM's schedules, and they were asserted to be KJM's property in the letter sent to Roche's counsel

on August 3, 2020.

17.    Roche obviously takes a contrary position as noted in its counsel's letter that is

attached as **Exhibit "B"**.  While Roche does not state to whom it contends the funds belong, it

clearly states the funds do not belong to KJM or to any other Debtors.  As noted, in the Roche

litigation, Roche seeks a constructive trust over what it describes as any "unlawfully earned profits"

of the Debtor Defendants, which would include KJM.

18.    Accordingly, an actual case or controversy exists that is ripe for a declaration and

adjudication as to the ownership of the funds, and/or as to what part of the funds are "unlawfully earned profits". As such, this a core proceeding in this Court.

19.     This actual case or controversy is not likely to become moot at any point in the foreseeable future.

20.     In addition, an adjudication as to the ownership of the funds will significantly further the reorganization/liquidation efforts of KJM as well as all of the other Debtor Defendants, and it will allow Premier Trust, Inc., Capital Asset, Roche, all other creditors and the Debtor Defendants to learn what funds are available and what funds are at issue in this Chapter 11 case.

WHEREFORE, PREMISES CONSIDERED, KJM respectfully prays that upon a hearing hereof this Honorable Court will render its declaratory judgment that the funds held by KJM, pre-petition, in its money market account, its operating account and its certificate of deposit were its property at the time they were frozen and then taken by Roche; and that they remain the property of the Debtor-in-Possession. In addition, KJM respectfully prays that it be awarded all of the interest its funds have earned in the interest bearing registry of the Court, as its property. Finally, KJM prays for all costs of court and general relief.

## SECOND CAUSE OF ACTION - FRAUDULENT CONVEYANCE

21.     KJM re-alleges prior paragraphs and incorporates the same herein by reference.

22.     The actions of Roche, in obtaining a transfer of the KJM funds held in its operating account, its money market account and a certificate of deposit on or about November 12, 2019, constituted a transfer of assets and property that belonged to KJM. The funds were taken from accounts or documents that were titled to, and owned by, KJM. The transfer of the KJM funds were made within two years of the KJM Petition date.

23.     KJM received not only less than reasonably equivalent value in exchange for the

wrongful taking of its assets, it actually received no value.

24.    At the time its assets were frozen and then taken, KJM was insolvent or became insolvent as a result of the taking of its assets.

25.    Accordingly, KJM is entitled to a judgment against Roche, and/or any other person, firm or entity wrongfully claiming its right to "hold" or own KJM's funds pursuant to 11 U.S.C. §§ 548 and 550 for the amount of the funds taken by Roche and held in the registry of the Court in the Roche litigation, or, alternatively, for a judgment for a return of its funds.

### THIRD CAUSE OF ACTION - TURNOVER OF PROPERTY

26.    KJM re-alleges all prior paragraphs and incorporates the same herein by reference.

27.    On November 12, 2019, Roche, acting within the Roche litigation, caused all of the assets of KJM held in the KJM money market and operating accounts, and held in the KJM certificate of deposit to be liquidated and transferred to the Clerk of the Court for the United States District Court, Northern District of Alabama in the sum of approximately $2,500,000.

28.    To date, the Clerk of the Court for the United States District Court, Northern District of Alabama has control and possession of KJM's funds and assets, including but not limited to, approximately $2,500,000 formerly held in KJM's money market account, its operating account and its certificate of deposit.

29.    Pursuant to 11 U.S.C. § 101(11) Roche and/or the Clerk of the Court for the United States District Court, Northern District of Alabama could be considered to be a "custodian" or "custodians".

30.    Debtors-in-Possession are required to maintain possession and control of their assets and, in the case or cash or cash equivalents, they must be deposited in Debtor-in-Possession accounts in an institution approved for the receipt of such deposits by the Office of the United States Trustee.

Accordingly, pursuant to  11 U.S.C. §§ 542 and/or 543(b), KJM respectfully prays that this Court direct that its funds be returned to it, and direct that Roche initiate such papers and requests in the Roche litigation so as to initiate and conclude such request and have the funds returned to KJM to be deposited in an interest bearing, Debtor-in-Possession savings account under the control of counsel for the  Debtor-in-Possession to be disbursed only upon further order of the Court after notice and a hearing.

WHEREFORE, PREMISES CONSIDERED, KJM sues Roche and respectfully prays for the following relief:

(1)     A declaratory judgment from this Honorable Court adjudicating and declaring that the approximate 2.5 million dollars in funds, plus interest, that were frozen and transferred by Roche's request to the court in the Roche litigation are property of the KJM bankruptcy estate;

(2)     A monetary judgment against Roche in the sum of $2,500,000 for the fraudulent conveyance of Debtor's assets in the sum of approximately 2.5 million dollars unless the funds are returned;

(3)     An order directing that Roche initiate a request to the court in the Roche litigation requesting that the Clerk of the Court for the United States District Court, Northern District of Alabama, which is in possession of the Debtor's approximately 2.5 million dollars, to return those funds to the Debtor for deposit consistent with rules and  regulations promulgated by the Office of the United States Trustee; and

(4)     All cost of court; and for general relief.

## CROSS CLAIMS AGAINST ROCHE DIAGNOSTICS CORPORATION
## AND ROCHE DIABETES CARE, INC.

COMES NOW Minga Investments, LLC ("Minga Investments") and sues Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (collectively "Roche") through this Cross Claim, and in support hereof would respectfully show as follows, to-wit:

1.      Minga Investments, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Amory, Mississippi.

2.      Defendant Roche Diagnostics Corporation is an Indiana corporation with its principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250.  It may be served with process of this Cross Claim by serving its counsel of record.

3.      Defendant Roche Diabetes Care, Inc. is a Delaware corporation with its  principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250.  It may be served with process of this Cross Claim by serving its counsel of record.

4.      This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 541, 542, 544, 547, 548, 550, 1107, 1109, various statutes, various rules and orders of reference.  This is a core proceeding.  To the extent this adversary proceeding is deemed to be, in whole or in part, a non-core or related proceeding, Plaintiff consents to the entry of a final judgment by the Bankruptcy Court.

5.      As stated in the Adversary Complaint (which is incorporated herein by reference) filed in this Adversary Proceeding, on September 11, 2018, Roche filed litigation against the Debtor Defendants, and a number of other Defendants in the United States District Court for the Northern District of Alabama, Southern District.  The litigation was assigned Case Nos. 2:18-00521-AKK; 2:18-00522-AKK; 2:18-00523-AKK and 2:18-CV-0149-KOB (the "Roche ligation").  This Cross Claim arises, or will arise, out of the transactions or occurrences that are the subject of the original

Trust claim/complaint, and it relates to, or will relate to, property that is the subject matter of the original claim of the Trust.

6.      That Roche original Complaint was amended twice.  The Second Amended Complaint claims that Debtor Defendants, Phillip and Konie Minga's (the "Mingas") business dealings with Roche commenced in late 2013.  The Second Amended Complaint sets forth causes of action against the Mingas arising out of the business relationships that resulted by, between and among Roche and certain of the Debtor Defendants.

7.      The Second Amended Complaint also asserts state law fraudulent conveyance claims against Minga Investments and seeks the imposition of a constructive trust upon the assets of Minga Investments and the Mingas.

8.      In late 2019, Roche, in the Roche litigation, filed a Motion [DK #252] seeking the "freezing" of substantially all of the assets of the Debtor Defendants, including the assets of Minga Investments.  The Motion is designated as Docket No. 252 in the Roche litigation, but it has been filed under seal and the undersigned counsel has not received a copy of it.

9.      The Court, in the Roche litigation, granted the Roche Motion to Freeze Assets. Assets of Minga Investments, that were located in accounts and through a certificate of deposit owned by Minga Investments, were frozen and then transferred to the registry of the Court in the Roche litigation where they are currently being held.  That Court's opinion and order are also under seal.

10.      These transfers (of approximately $5,000,000) were transfers of property of Minga Investments, in its status as a free standing entity, against whom no judgment has been rendered. The property frozen, and then transferred, and that remains in the monetary registry of the Court in

the Roche litigation, belonged to Minga Investments at the time it was frozen and transferred, and

now belongs to the Debtor-in-Possession.

11.    On or about June 2, 2020, Minga Investments initiated this Chapter 11 case.

12.    Counsel for Minga Investments, in a letter dated August 3, 2020, requested that

Roche initiate papers with the court in the Roche litigation seeking the return, to Minga Investments,

of the funds that were frozen and then transferred.    A copy of counsel's letter is attached,

incorporated by reference and marked as **Exhibit "A."**

13.    Counsel for Roche promptly responded in a letter dated the same date-August 3,

2020.  Roche declined to initiate pleadings for the transfer of the funds, contending that they did not

belong to Minga Investments (or any other Debtor) and opined that filing pleadings in the Roche

litigation would be a violation of the automatic stay.  But if it were not in violation of the automatic

stay, Roche asserts it would not initiate any papers in the Roche litigation seeking a return of the

funds to Minga Investments.

## FIRST CAUSE OF ACTION - DECLARATORY RELIEF
## (DECLARATION AS TO THE OWNERSHIP OF PROPERTY)

14.    Minga Investments re-alleges all prior paragraphs and incorporates the same herein

by reference.

15.    The funds that were frozen, and then transferred, pursuant to Roche's request

constituted property of Minga Investments pre-petition, and they constitute property of Minga

Investments post-petition.  They were "taken" from a Minga Investments account and certificate of

deposit owned by Minga Investments.

16.    Minga Investments asserts that the applicable funds are its property.  They are

claimed as such in Minga Investments's schedules, and they were asserted to be Minga Investments's

property in the letter sent to Roche's counsel on August 3, 2020.

17.     Roche obviously takes a contrary position as noted in its counsel's letter that is attached as **Exhibit "B"**.   While Roche does not state to whom it contends the funds belong, it clearly states the funds do not belong to Minga Investments or to any other Debtors.   As noted, in the Roche litigation, Roche seeks a constructive trust over what it describes as any "unlawfully earned profits" of the Debtor Defendants, which would include Minga Investments.

18.     Accordingly, an actual case or controversy exists that is ripe for a declaration and adjudication as to the ownership of the funds, and/or as to what part of the funds are "unlawfully earned profits".   As such, this a core proceeding in this Court.

19.     This actual case or controversy is not likely to become moot at any point in the foreseeable future.

20.     In addition, an adjudication as to the ownership of the funds will significantly further the reorganization/liquidation efforts of Minga Investments as well as all of the other Debtor Defendants, and it will allow Premier Trust, Inc., Capital Asset, Roche, all other creditors and the Debtor Defendants to learn what funds are available and what funds are at issue in this Chapter 11 case.

WHEREFORE, PREMISES CONSIDERED, Minga Investments respectfully prays that upon a hearing hereof this Honorable Court will render its declaratory judgment that the funds held by Minga Investments, pre-petition, in its money market account, its operating account and its certificate of deposit were its property at the time they were frozen and then taken by Roche; and that they remain the property of the Debtor-in-Possession.   In addition, Minga Investments respectfully prays that it be awarded all of the interest its funds have earned in the interest bearing registry of the Court, as its property.   Finally, Minga Investments prays for all costs of court and general relief.

## SECOND CAUSE OF ACTION - FRAUDULENT CONVEYANCE

21.     Minga Investments re-alleges prior paragraphs and incorporates the same herein by reference.

22.     The actions of Roche, in obtaining a transfer of the Minga Investments funds held in its operating account, its money market account and a certificate of deposit on or about November 12, 2019, constituted a transfer of assets and property that belonged to Minga Investments.  The funds were taken from accounts or documents that were titled to, and owned by, Minga Investments. The transfer of the Minga Investments funds were made within two years of the Minga Investments Petition date.

23.     Minga Investments received not only less than reasonably equivalent value in exchange for the wrongful taking of its assets, it actually received no value.

24.     At the time its assets were frozen and then taken, Minga Investments was insolvent or became insolvent as a result of the taking of its assets.

25.     Accordingly, Minga Investments is entitled to a judgment against Roche, and/or any other person, firm or entity wrongfully claiming its right to "hold" or own Minga Investments's funds pursuant to 11 U.S.C. §§ 548 and 550 for the amount of the funds taken by Roche and held in the registry of the Court in the Roche litigation, or, alternatively, for a judgment for a return of its funds.

## THIRD CAUSE OF ACTION - TURNOVER OF PROPERTY

26.     Minga Investments re-alleges all prior paragraphs and incorporates the same herein by reference.

27.     On November 12, 2019, Roche, acting within the Roche litigation, caused  all of the

assets of Minga Investments held in the Minga Investments money market and operating accounts, and held in the Minga Investments certificate of deposit to be liquidated and transferred to the Clerk of the Court for the United States District Court, Northern District of Alabama in the sum of approximately $5,000,000.

28.    To date, the Clerk of the Court for the United States District Court, Northern District of Alabama has control and possession of Minga Investments's funds and assets, including but not limited to, approximately $5,000,000 formerly held in Minga Investments's money market account, its operating account and its certificate of deposit.

29.    Pursuant to 11 U.S.C. § 101(11) Roche and/or the Clerk of the Court for the United States District Court, Northern District of Alabama could be considered to be a "custodian" or "custodians".

30.    Debtors-in-Possession are required to maintain possession and control of their assets and, in the case or cash or cash equivalents, they must be deposited in Debtor-in-Possession accounts in an institution approved for the receipt of such deposits by the Office of the United States Trustee. Accordingly, pursuant to 11 U.S.C. §§ 542 and/or 543(b), Minga Investments respectfully prays that this Court direct that its funds be returned to it, and direct that Roche initiate such papers and requests in the Roche litigation so as to initiate and conclude such request and have the funds returned to Minga Investments to be deposited in an interest bearing, Debtor-in-Possession savings account under the control of counsel for the Debtor-in-Possession to be disbursed only upon further order of the Court after notice and a hearing.

WHEREFORE, PREMISES CONSIDERED, Minga Investments sues Roche and respectfully prays for the following relief:

(1)    A declaratory judgment from this Honorable Court adjudicating and declaring that the approximate $5,000,000 in funds, plus interest, that were frozen and transferred by Roche's request to the court in the Roche litigation are property of the Minga Investments bankruptcy estate;

(2)    A monetary judgment against Roche in the sum of $5,000,000 for the fraudulent conveyance of Debtor's assets in the sum of approximately $5,000,000 unless the funds are returned;

(3)    An order directing that Roche initiate a request to the court in the Roche litigation requesting that the Clerk of the Court for the United States District Court, Northern District of Alabama, which is in possession of the Debtor's approximately $5,000,000, to return those funds to the Debtor for deposit consistent with rules and  regulations promulgated by the Office of the United States Trustee; and

(4)    All cost of court; and for general relief.

This, the _____ day of August, 2020.

Respectfully submitted,

PRIORITY HEALTHCARE CORPORATION D/B/A PRIORITY CARE; PRIORITY CARE PHARMACY SOLUTIONS, LLC; PRIORITY CARE PHARMACY 2, LLC; VINCENT PRIORITY CARE PHARMACY, LLC D/B/A THE MEDICINE CHEST; VICKERS PRIORITY CARE PHARMACY, LLC; MAIN STREET DRUGS, LLC; PRIORITY CARE PROFESSIONAL STAFFING, LLC; MEDPOINT, INC.; MEDPOINT, LLC; MEDPOINT ADVANTAGE, LLC; MEDPOINT PROFESSIONAL HEALTHCARE STAFFING, LLC; KJM HOLDINGS, LLC; MINGA INVESTMENTS, LLC; KONIE MINGA; PHILLIP ANTHONY MINGA

By Their Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
        Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Minga, Phillip & Konie\Capital Asset Management Adversary\Pleadings\Ans and Defenses to Adversary Complaint 8-4-2020.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
sammye.s.tharp@usdoj.gov

R. Campbell Hillyer, Esq.
cam.hillyer@butlersnow.com

Geoffrey Potter, Esq.
gpotter@pbwt.com

Derek Henderson, Esq.
Derek@derekhendersonlaw.com

Walter Newman, Esq.
Wnewman95@msn.com

THIS, the _____ of August, 2020.

_____
Craig M. Geno



Law Offices of

# CRAIG M. GENO, PLLC

587 Highland Colony Parkway
Ridgeland, Mississippi 39157

Craig M. Geno
Board Certified
Business Bankruptcy Law
American Board of Certification

Telephone
601-427-0048

Facsimile
601-427-0050

E-Mail
cmgeno@cmgenolaw.com

August 3, 2020

R. Campbell Hillyer, Esq.
cam.hillyer@butlersnow.com

Re:    ***KJM Holdings, LLC***; **Chapter 11; Case No. 20-11967-SDM**
***Minga Investments, LLC***; **Chapter 11; Case No. 20-11968-SDM**

Dear Cam:

I am writing on behalf of Minga Investments, LLC and KJM Holdings, LLC, Debtors-in-possession in the above Chapter 11 cases.

As I understand it, an order was entered by the United States District Court in the Roche litigation that is pending in that court that sequestered millions of dollars of funds that belong to KJM Holdings and Minga Investments. The funds were apparently deposited in the registry of that court.

I believe that Roche, as plaintiff in that litigation, initiated the request for those funds to be sequestered pursuant to a motion (the "Motion") that is filed that appears at Docket Number 252. The Order [DK #287, 288] requiring sequestration was entered as a result of the Roche Motion. However, those papers are under seal.

The funds that are in the district court that were sequestered from Minga Investments and KJM Holdings are property of their respective bankruptcy estates. As you know, guidelines promulgated by the Office of the United States Trustee require that debtor-in-possession funds be deposited into a debtor-in-possession account at a "qualified" banking institution.

And, debtors-in-possession are entitled to have possession of their funds and assets.

I realize that returning of those funds to the Debtors-in-possession is not a routine matter since they are held by the clerk of the court in the district court litigation.

However, because Roche initiated the request for the funds to be sequestered, I respectfully request that Roche initiate, immediately, a request to have those funds returned to the Debtors-in-possession.

I will deposit them in a debtor-in-possession account at Regions Bank, with the funds to be



EXHIBIT "A"

disbursed only upon an order of the bankruptcy court, after notice and a hearing.  There is no need for any use of the funds at the current time except with respect to the payment of administrative expenses that will be incurred in the ordinary course of business or by court order in the case of professional fees.

In light of the hearing that is coming up this week, I respectfully request a prompt response and answer.

With best wishes, I remain.

Respectfully yours,

LAW OFFICES OF CRAIG M. GENO, PLLC

Craig M. Geno

CMG:klc
c:    Geoffrey Potter, Esq.
      gpotter@pbwt.com

      Sammye S. Tharp, Esq.
      sammye.s.tharp@usdoj.gov

      George W. Walker, III, Esq.
      wwalker@bhpwlaw.com

      Bruce F. Rogers, Esq.
      brogers@bainbridgemims.com

      Mitchel H. Boles, Esq.
      mboles@bhpwlaw.com
N:\Firm Data\Users\Bankrupt\Minga, Phillip & Konie\Affiliated Cases\KJM Holdings\Letters\Ltr C Hillyer re Return of Sequestered Funds 7-31-20.wpd

BUTLER | SNOW

August 3, 2020

**Via Email: cmgeno@cmgenolaw.com**

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Re:    *KJM Holdings, LLC*; Chapter 11; Case No. 20-11967-SDM
       *Minga Investments, LLC*; Chapter 11; Case No. 20-11968-SDM

Dear Craig:

I am in receipt of your letter dated August 3, 2020 on behalf of the above referenced Debtors (KJM Holdings LLC and Minga Investments LLC) in which you requested a prompt response.

First, the funds referenced in your letter, which are held in the clerk's office for the District Court of the Northern District of Alabama ("ALND Court"), are not property of the bankruptcy estates of KJM Holdings LLC or Minga Investments LLC or any other Debtor.  Second, as you are aware, Roche has not yet been granted stay relief as to the Debtors so Roche cannot file any motion or request in the ALND Court as to the Debtors or the funds at this time.  Third, even after it obtains relief from the automatic stay, Roche does not intend to request that the ALND Court release the funds to any Debtors' estate. The Debtors are free to make any requests of the ALND Court with regard to the funds and prior orders entered by that court, and Roche reserves the right to object to any such requests.

Please let me know if there is anything further from your letter which was not answered or otherwise responded to.

Very truly yours,

**BUTLER SNOW LLP**

R. Campbell Hillyer

RCH/mae

*Post Office Box 171443*
*Memphis, TN 38187-1443*

R. CAMPBELL HILLYER
T 901.680.7326
F 901.680.7201
cam.hillyer@butlersnow.com

BUTLER SNOW LLP

*6075 Poplar Avenue, Suite 500*
*Memphis, TN 38119*



EXHIBIT "B"

Craig Geno, Esq.
August 3, 2020
Page 2


cc:    Geoffrey Potter, Esq.
       gpotter@pbwt.com

       Sammye S. Tharp, Esq.
       Sammye.s.tharp@usdoj.gov

       George W. Walker, III, Esq.
       wwalker@bhpwlaw.com

       Bruce F. Rogers, Esq.
       brogers@bainbridgemims.com

       Mitchel H. Boles, Esq.
       mboles@bhpwlaw.com