## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | Case No. 20-12204-SDM |
| | ) | |
| Capital Asset Management, LLC, | ) | Chapter: 11 |
| | ) | |
| Debtor. | ) | Judge: Hon. Selene D. Maddox |
| _____ | ) | |
| Premier Trust, Inc., as Independent Trustee | ) | |
| of the Minga 2013 Irrevocable Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 20-01038-SDM |
| Capital Asset Management, LLC; Roche | ) | |
| Diagnostics Corp. and Roche Diabetes Care, | ) | |
| Inc.; Priority Healthcare Corporation d/b/a | ) | |
| Priority Care; Priority Care Pharmacy | ) | |
| Solutions, LLC; Priority Care Pharmacy 2, | ) | |
| LLC; Vincent Priority Care Pharmacy, LLC | ) | |
| d/b/a The Medicine Chest; Vickers Priority | ) | |
| Care Pharmacy, LLC; Main Street Drugs, | ) | |
| LLC; Priority Care Professional Staffing, | ) | |
| LLC; Medpoint, Inc.; Medpoint, LLC; | ) | |
| Medpoint Advantage, LLC; Medpoint | ) | |
| Professional Healthcare Staffing, LLC [sic]; | ) | |
| KJM Holdings, LLC; Minga Investments, | ) | |
| LLC; Konie Minga; Phillip Anthony Minga, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF ROCHE DIAGNOSTICS CORPORATION AND
ROCHE DIABETES CARE, INC. TO DISMISS COMPLAINT PURSUANT
TO RULE 7012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

1

Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (collectively, "Roche"), by their undersigned counsel, respectfully submit this motion ("Motion") for dismissal of the Adversary Complaint (the "Complaint") filed by Premier Trust, Inc. pursuant to Federal Rules of Civil Procedure ("Federal Rules") 12(b)(6), 12(b)(7), and 19(a), made applicable herein by Rules 7012 and 7019 of the Federal Rules of Bankruptcy Procedure. As set forth below, the Complaint must be dismissed in its entirety because Premier Trust lacks standing in its own capacity to pursue claims that belong to Debtor CAM (defined below). Moreover, Premier Trust's turnover claim must be dismissed because it fails to name a necessary party.

## I.    PRELIMINARY STATEMENT

1. This is an open-and-shut case. Premier Trust is not a debtor: It is the independent trustee of The Minga 2013 Irrevocable Trust (the "Minga Trust"), a Nevada asset-protection trust established by debtors Phillip and Konie Minga in October 2013. The Minga Trust is allegedly the sole member of Debtor Capital Asset Management, LLC ("CAM").[1] Premier Trust is suing to establish CAM's interest in disputed funds and return those funds to CAM's coffers. The problem for Premier Trust is that, under the Bankruptcy Code, these claims belong to CAM and, in certain cases, the other Debtors. Premier Trust is not CAM and has no authority to act for CAM or any other Debtor. Accordingly, Premier Trust lacks standing to bring the claims.

2. Premier Trust's Complaint is also defective for a second, independent reason: It has failed to name the United States District Court for the Northern District of Alabama

---

[1] CAM is under common control with a group of jointly administered debtors whose cases are also pending before this Court: Phillip A. Minga and Konie D. Minga (20-11955-SDM); Priority Healthcare Corporation (20-11956-SDM); MedPoint, Inc. (20-11957-SDM); Main Street Drugs, LLC (20-11958-SDM); MedPoint Advantage, LLC (20-11959-SDM); MedPoint, LLC (20-11960-SDM); Priority Care Pharmacy 2, LLC (20-11961-SDM); Priority Care Pharmacy Solutions, LLC (20-11962-SDM); Priority Care Professional Staffing, LLC (20-11963-SDM); Professional Healthcare Staffing, LLC (20-11964-SDM); and KJM Holdings, LLC (20-11967-SDM) (lead Debtor); Minga Investments, LLC (20-11968-SDM) (collectively, with CAM, the "Debtors").

(the "District Court"), whose clerk it alleges to be in possession of the disputed assets. Without the District Court as a party, the relief that Premier Trust seeks—turnover of the funds allegedly in the clerk's possession—cannot be granted, and complete relief cannot be afforded among the existing parties.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought is Section 7012 of the Bankruptcy Code.

## III. RELEVANT FACTS

4. The story of the sprawling "Priority Care" enterprise, of which Phillip and Konie Minga were the architects, managers, directors, is told in detail in Roche's prior submissions in these and related proceedings in the Northern District of Alabama (the "Alabama Action").[2] Of particular relevance here is that CAM played a key part in Priority Care's fraudulent scheme: it was the ultimate destination and bagman for the illicit profits the Mingas periodically skimmed from their many Priority-Care-affiliated accounts. *See* Compl. ¶ 56.

5. Premier Trust purports to be the "independent trustee" of the Minga Trust, whose agreement—attached as Exhibit A to this Motion—is incorporated by reference into the Complaint. *See, e.g., In re Northstar Offshore Grp.*, LLC, 616 B.R. 695, 710 (Bankr. S.D. Tex. 2020). Notably, both Premier Trust and the Minga Trust itself were late arrivals to the Alabama Action—no mention of them was made in any of the defendants' papers until November 2019,

---

[2] *See* Motion for Entry of an Order Modifying Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code, Dkt. No. 11, at 8–12; *see also* Second Amended Complaint, *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 18-cv-1479-KOB-HNJ, ECF No. 306, at 3 (N.D. Ala. Nov. 20, 2019).

ButlerSnow\033122\214931\54596322.v1-9/14/20

over a year into the litigation, prompting Judge Karon O. Bowdre to observe that the "apparent refusal to disclose the existence of this trust, in violation of court order, demonstrates once again both Defendants' recalcitrance and the need for" the preliminary injunction transferring CAM's assets into the custody of the court.[3]

6.  The Minga Trust is a self-settled Nevada asset-protection trust. It names two "Family Trustees"—Phillip and Konie Minga—and Premier Trust as the "Independent Trustee." *See* Ex. A at 2. Power is vested in the Family Trustees, either of whom may "act alone to bind" the Minga Trust in virtually every matter except distributions, over which the Independent Trustee has sole authority. *Id.* Distributions, in fact, are one of the only things the Independent Trustee can actually do: Section 7.9 of the Minga Trust agreement limits the powers of the Independent Trustee to those of a "special trustee," which are specifically enumerated in the instrument. *See id.* at 43–44. Those powers concern distributions. *See id.* at 4–5 (Section 2.4), 9–10 (Sections 3.1, 3.2). They do not include the power to "[i]nstitute, compromise and defend actions and proceedings," *id.* at 31 (Section 6.1), which the Independent Trustee cannot exercise. *Id.* at 43–44.

7.  CAM, a Delaware limited liability company, was formed by Konie Minga in September 2012, a year before the Minga Trust was established. Compl. ¶ 35. In December 2013, CAM's ownership interest was assigned to the Minga Trust. *Id.* ¶¶ 35–36. The sole Member of CAM is therefore the Minga Trust—not the Independent Trustee, Premier Trust. *Id.*[4]

---

[3] Order Denying Defendants' Motion to Stay, *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, ECF No. 297, at 3 (N.D. Ala. Nov. 8, 2019). The Court may take judicial notice of the non-appearance of Premier Trust and the Trust itself in the Alabama Action docket, as well as the contents of this Order. *See, e.g.*, *Stiel v. Heritage Numismatic Auctions, Inc.*, No. 19-10961, 2020 WL 2769099, at *3 (5th Cir. May 27, 2020).

[4] It bears noting that the Complaint's claim (¶ 40) states that a sum was transferred to an account "*in the name of* Asset Capital Management, LLC." (Emphasis added.) CAM is **not** Asset Capital Management, LLC. Asset Capital Management, LLC is a completely separate legal entity, as shown by public records of which the Court may take judicial notice. *See, e.g.*, *In re Xtreme Power Inc.*, 563 B.R. 614, 631 (Bankr. W.D. Tex. 2016). According to

3

8. Roche alleges in the Alabama Action that, among other things, CAM was used to warehouse millions of dollars in fraudulent proceeds from the Mingas' scheme. Compl. ¶ 56. Nearly a year after the Alabama Action began, after discovering that CAM had been among the entities used by the Mingas to conceal assets in the weeks after the Alabama case was filed (*see id.*), Roche sought from Judge Bowdre a preliminary injunction transferring certain of the Mingas' assets from the entities formally holding those assets (including CAM) to an account administered by the United States District Court for the Northern District of Alabama. *See* Compl. ¶¶ 52–53, 60. Judge Bowdre granted that motion by Order of November 5, 2019,[5] directing that the contents of CAM's account be liquidated and transferred to the Clerk of Court of the Northern District in Birmingham, Alabama. *Id.* ¶ 60. The November 5 Order provides that the assets are to be placed in the Registry Fund of the Treasury of the District Court, "enjoined and held in constructive trust under the custody and administration of the court . . . until further order of [the] court." Ex. C at 4.

IV. **RELIEF REQUESTED**

9. Roche respectfully requests that this Court dismiss Premier Trust's Complaint pursuant to Rules 7012 and 7019 of the Bankruptcy Code. For the reasons set forth below, Premier Trust lacks standing to pursue these claims on behalf of CAM or any other debtor, and it has failed to name a necessary party—namely, the person or entity in possession of the disputed assets—who cannot feasibly be joined.

---

corporate registration documents bearing the Seal of the Alabama Secretary of State, Asset Capital Management, LLC (not a Debtor) is incorporated under Alabama law in 2011 whose members are identified as Konie Minga, Kristen Minga, Wesley Minga, and Heather Minga. *See* Exhibit B.
[5] A copy of the publicly docketed version of this Order—of which this Court may take judicial notice—is attached as Exhibit C.

V.     **ARGUMENT**

    A.     **Premier Trust Does Not Have Standing to Pursue Its Claims.**

10.     Premier Trust purports to assert declaratory and turnover claims with respect to assets formerly held by CAM. The Bankruptcy Code is clear, however, that causes of action under Sections 541, 542, and 543 belong to the *debtor in possession*—here, CAM.[6] *See* 11 U.S.C. § 1107(a); *Georgia Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 966 (5th Cir. 1983) ("the powers, rights, and duties provided by §§ 541 [and] 542" belong to "the debtor in possession in a Chapter 11 proceeding, as well as a trustee" (internal quotation marks omitted)); *In re Diabetes Am., Inc.*, 485 B.R. 340, 343 (Bankr. S.D. Tex. 2012).[7] Accordingly, both Premier Trust and the Minga Trust itself lack standing, in their capacities as trustee and sole member, respectively, to assert CAM's causes of action under those provisions or to seek a declaratory judgment as to their applicability. *See, e.g.*, *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[A] party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action.").

11.     Premier Trust's standing problem does not stop there. Its requests for relief go well beyond CAM, encompassing numerous other Debtor-Defendants with which Premier Trust has *no* nominal affiliation or interest. Premier Trust asks for a declaratory judgment "that the remaining funds in any of the Debtor's prior accounts are the property of the bankruptcy

---

[6] For this reason, even assuming that the Minga Trust itself were the named plaintiff rather than Premier Trust, its trustee, the standing analysis would not change. The Minga Trust is the sole member of CAM, but only CAM itself has standing to pursue causes of action belonging to that Debtor.

[7] Likewise, all *pre*-petition causes of action belong to the Debtor, *see, e.g.*, *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009) (citing 11 U.S.C. 541(a)(1)), and "[a]s sole member of [CAM], [the Trust] does not have any interest in [CAM's] property including any cause of action" belonging to CAM. *In re Opus E., L.L.C.*, 480 B.R. 561, 575 (Bankr. D. Del. 2012).

5

estate *of each respective Debtor*" (Compl. ¶ 68 (emphasis added)) and an order that "the remaining funds" held by the Alabama Clerk be distributed "to the other bankruptcy estates in amounts to be determined." Compl. at 14. Actions to determine property of the estate and seeking turnover of funds belong to each respective Defendant Debtor-in-Possession—not a third-party trustee asserting a trust's membership in the Plaintiff. *See Sigma Serv. Corp.*, 712 F.2d at 966. Premier Trust does not have standing to bring *any* of the Defendants' claims.

### B. Premier Trust Has Not Named a Necessary Party.

12. Although both of Premier Trust's claims fail for lack of standing, its turnover claim must be dismissed for another basic reason. That claim, brought pursuant to "11 U.S.C. §§ 542 and/or 543(b)," requests that this Court "order the Clerk of the Court for the United States District Court, Northern District of Alabama to immediately deliver" the disputed funds to CAM. Compl. ¶ 73. The claim fails because Premier Trust has not named the District Court—whose clerk it alleges "has control and possession of all of Debtor's assets" (Compl. ¶ 71)—as a defendant.

13. Bankruptcy Rule 7019 incorporates Federal Rule 19, which provides that a party is "necessary" to an action if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see, e.g.*, *In re On-Site Fuel Serv., Inc.*, No. 18-04196-NPO, 2020 WL 3712868, at *10 (Bankr. S.D. Miss. May 8, 2020). Whether its claims are brought under Section 542 or Section 543, the party seeking turnover in an adversary proceeding must name the "entity . . . in possession, custody, or control," 11 U.S.C. § 542(a), or the "custodian," 11 U.S.C. § 543, of the estate's purported property, or else it cannot obtain the relief it seeks. *See, e.g.*, *PAPCO, Inc. v. Oleum Expl., LLC*, No. 3:19-CV-00589, 2019 WL 3252416, at *3–4 (M.D. Pa. July 19, 2019) (possessor of property has right to adversary hearing); *cf. In re Great W. Coal, Inc.*, 146 B.R. 702, 704 (Bankr. S.D. Tex. 1992) (naming *state*

6

court as defendant); *In re Vescovo*, 125 B.R. 468, 470 (Bankr. W.D. Tex. 1990) (same). This is a turnover action. None of the parties currently named has the power or authority to turn over the assets. Only the District Court has that authority.

14. Joinder of the District Court is not "feasible." *See* Fed. R. Civ. P. 19(b). Doing so would effectively preclude relief under basic principles of abstention and comity: this Court would be asked to enter an order commanding the District Court for the Northern District of Alabama to transfer assets currently subject to Judge Bowdre's November 5, 2019 Order, which requires that they remain there until "*further order of this court* directing disbursement of the funds deposited into the Registry Fund of the Treasury." Ex. C at 4 (emphasis added); *cf. In re LB Steel, LLC*, 572 B.R. 690, 708–09 (Bankr. N.D. Ill. 2017) (bankruptcy court properly abstains from adjudicating 11 U.S.C. § 543 adversary proceeding when assets are in custody of state-court clerk and intimately tied to merits of years-long parallel proceeding); *cf. also Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (staying case to avoid duplicative litigation).

15. Because the Court cannot grant any of the relief Premier Trust seeks in its turnover claim in the absence of the District Court, *see* Fed. R. Civ. P. 19(b)(3), and because joinder is not feasible, the turnover claim must be dismissed. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(7).

## NOTICE

16. Notice of this Motion will be provided to the Debtors and all parties requesting notice pursuant to Bankruptcy Rule 2002. Roche respectfully submits that such notice is good and sufficient under the circumstances and that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, Roche respectfully requests that the Court enter an order dismissing the bankruptcy petitions pursuant to Section 7012 of the Bankruptcy Code, and granting it such other and further relief as the Court deems just and proper.

Dated:   September 14, 2020

                        Respectfully submitted,

                        */s/ R. Campbell Hillyer*
                        R. Campbell Hillyer (Miss. Bar No. 106039)
                        Thomas M. Hewitt (Miss. Bar No. 104589)
                        **BUTLER SNOW LLP**
                        1020 Highland Colony Parkway, Suite 1400
                        Ridgeland, Mississippi 39157
                        Telephone: (601) 945-4415
                        Fax: (601) 985-4500
                        thomas.hewitt@butlersnow.com

                        AND

                        **PATTERSON BELKNAP WEBB & TYLER LLP**
                        Geoffrey Potter
                        Aron Fischer
                        Brian P. Guiney
                        Timothy H. Gray
                        1133 Avenue of the Americas
                        New York, New York 10036-6710
                        Telephone: (212) 336-2000
                        Fax: (212) 336-2222

**CERTIFICATE OF SERVICE**

I, R. Campbell Hillyer, certify that the foregoing objection was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated: September 14, 2020.

                                               */s/ R. Campbell Hillyer*
                                               R. CAMPBELL HILLYER

ButlerSnow\033122\214931\54596322.v1-9/14/20