**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | ) | Case No. 20-12204-SDM |
| | ) | |
| Capital Asset Management, LLC, | ) | Chapter: 11 |
| | ) | |
| Debtor. | ) | Judge: Hon. Selene D. Maddox |
| _____ | ) | |
| Premier Trust, Inc., as Independent Trustee of the Minga 2013 Irrevocable Trust, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. 20-01038-SDM |
| Capital Asset Management, LLC; Roche Diagnostics Corp. and Roche Diabetes Care, Inc.; Priority Healthcare Corporation d/b/a Priority Care; Priority Care Pharmacy Solutions, LLC; Priority Care Pharmacy 2, LLC; Vincent Priority Care Pharmacy, LLC d/b/a The Medicine Chest; Vickers Priority Care Pharmacy, LLC; Main Street Drugs, LLC; Priority Care Professional Staffing, LLC; Medpoint, Inc.; Medpoint, LLC; Medpoint Advantage, LLC; Medpoint Professional Healthcare Staffing, LLC [sic]; KJM Holdings, LLC; Minga Investments, LLC; Konie Minga; Phillip Anthony Minga, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION OF ROCHE DIAGNOSTICS CORPORATION AND**
**ROCHE DIABETES CARE, INC. TO DISMISS CROSS CLAIMS PURSUANT**
**TO RULE 7012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

54688198.v1

Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (collectively, "Roche"), by their undersigned counsel, respectfully submit this motion ("Motion") for dismissal of the Cross Claims for (1) declaratory relief, (2) fraudulent conveyance, and (3) turnover of property (the "Cross Claims") brought by Debtor-Defendants KJM Holdings, LLC and Minga Investments, LLC (the "Cross Claimants"). Roche brings this motion pursuant to Federal Rules of Civil Procedure ("Federal Rules") 12(b)(6), 12(b)(7), and 19(a), made applicable herein by Rules 7012 and 7019 of the Federal Rules of Bankruptcy Procedure. As set forth below, the Cross Claims for declaratory relief and turnover fail because the Cross Claimants fail to name a necessary party, and the claim for fraudulent conveyance fails because the deposit of funds at issue was not a transfer in which the debtors did not receive reasonably equivalent value as defined in 11 U.S.C. § 548.

## I. PRELIMINARY STATEMENT

1. Cross Claimants ask this Court to rule that they own certain assets (the "Funds") and to order the turnover of those assets to their possession and control. These funds are not property of the bankruptcy estate[1] and Roche vigorously opposes their turnover to Cross Claimants, whose controlling individuals have been found by a federal court in Alabama to have displayed a "pattern of chronic, deceptive conduct" and generated an "overwhelming body of evidence demonstrating [their] fraud."[2] The Cross Claims are defective, moreover, because Cross Claimants have failed to name as a party the entity that currently has *sole possession and control* of the Funds in questions: the United States District Court for the Northern District of Alabama (the "District Court"). Without the District Court as a party, the relief that that Cross Claimants seek—a declaratory judgment regarding ownership of the Funds and turnover of the

---

[1] Roche is not moving for dismissal of the Cross Claims on that basis at this time.
[2] *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-CV-01479-KOB, 2020 WL 2308319 ("Sanctions Opinion"), at *7 n.5, 8 (N.D. Ala. May 8, 2020).

2

funds allegedly in the clerk's possession—cannot be granted, and complete relief cannot be afforded among the existing parties. Accordingly, Counts One and Three for declaratory relief and turnover of property must be dismissed.

2.  The claim for fraudulent conveyance must also be dismissed. The transfer at issue does not meet the statutory elements set forth in Section 548 of the Bankruptcy Code. The District Court's determination that the value of the Funds was "a reasonable approximation of a defendant's ill-gotten gains" establishes conclusively that the value Cross Claimants received (or will receive, when the Funds are eventually paid to Roche, and the Cross-Claimants' debt to Roche is correspondingly reduced on a dollar-for-dollar basis) was "reasonably equivalent" to the amount of their debt. Cross Claimants cannot plead otherwise without an impermissible and untimely collateral attack on the prior order of another court.

## II.  JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought is Section 7012 of the Bankruptcy Code.

## III.  RELEVANT FACTS

4.  The story of the sprawling "Priority Care" enterprise, of which Phillip and Konie Minga were the architects, managers, directors, is told in detail in Roche's prior submissions in these and related proceedings in the United States District Court for the Northern District of Alabama (the "Alabama Action").[3] Of particular relevance here is that both KJM Hold-

---

[3] *See* Motion for Entry of an Order Modifying Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code, Dkt. No. 11, at 8–12; *see also* Second Amended Complaint, *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 18-cv-1479-KOB-HNJ, ECF No. 306, at 3 (N.D. Ala. Nov. 20, 2019); *Premier Trust, Inc. v. Capital Asset Management, LLC et al.*, Adversary Proceeding No. 20-01038-SDM, Dkt. No. 33 (Roche's Motion to Dismiss

3

54688198.v1

ings, LLC and Minga Investments, LLC served crucial roles in the Mingas' enterprise: they housed the Mingas' fraudulent proceeds and served as slush funds for the Mingas' personal expenses, allowing the Mingas to enjoy the results of their illegal activity while concealing their assets from Roche.[4]

5. Nearly a year after the Alabama Action began, after discovering that the Mingas had concealed proceeds they fraudulently obtained from Roche in KJM Holdings, LLC and Minga Investments, LLC in the weeks after the Alabama case was filed, Roche sought from Judge Bowdre a preliminary injunction transferring certain of the Mingas' assets from the entities formally holding those assets (including KJM Holdings, LLC and Minga Investments, LLC) to an account administered by the United States District Court for the Northern District of Alabama. *See* KJM Cross Claim ¶ 9; Minga Investments Cross Claim ¶ 9. Judge Bowdre granted that motion by Order of November 7, 2019, directing that the contents of accounts belonging to KJM Holdings, LLC and Minga Investments, LLC be liquidated and transferred to the Clerk of Court of the Northern District in Birmingham, Alabama. *See* Liquidation Order; *see also* Premier Trust Compl. ¶ 60; KJM Cross Claim ¶ 9; Minga Investments Cross Claim ¶ 9. The November 7 Order provides that the assets are to be placed in the Registry Fund of the Treasury of the District Court, "enjoined and held in constructive trust under the custody and administration of the court . . . until further order of [the] court." Liquidation Order at 4.

---

Complaint).

[4] *See Roche Diagnostics Corp. v. Priority Healthcare Corp.*, Case No. 2:18-CV-01479-KOB-HNJ, ECF No. 291 (N.D. Ala. Nov. 7, 2019) (the "Liquidation Order") (ordering accounts in name of KJM Holdings, LLC and Minga Investments, LLC to deposit contents of accounts with district court)[4]; *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, Case No. 2:18-CV-01479-KOB-HNJ, 2019 WL 5810312, at *1–2 (N.D. Ala. Nov. 7, 2019); *see also* Second Amended Complaint, *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 18-cv-1479-KOB-HNJ, ECF No. 306, ¶¶ 246–54 (N.D. Ala. Nov. 20, 2019).

4

54688198.v1

**IV. RELIEF REQUESTED**

6. Roche respectfully requests that this Court dismiss KJM Holdings, LLC and Minga Investments, LLC's Cross Claims pursuant to Rules 7012 and 7019 of the Bankruptcy Code.

**V. ARGUMENT**

    **A. Cross Claimants Have Not Named a Necessary Party.**

7. Cross Claimants assert claims for a declaratory judgment that certain funds held in the registry of the District Court belong to KJM Holdings, LLC, and Minga Investments, LLC and for an order pursuant to "11 U.S.C. §§ 542 and/or 543(b)," directing that "Roche initiate such papers and requests in the Roche litigation so as to initiate and conclude such request [*sic*] and have the funds returned to [Cross Claimants] to be deposited in an interest bearing, Debtor-in-Possession savings account . . . ." KJM Cross Claim ¶¶ 20, 30; Minga Investments Cross Claim ¶¶ 20, 30. These claims fail because Cross Claimants have not named the District Court—whose Clerk they allege "has control and possession of [Cross Claimants'] funds and assets," KJM Cross Claim ¶ 28; Minga Investments Cross Claim ¶ 28—as a defendant.

8. Bankruptcy Rule 7019 incorporates Federal Rule 19, which provides that a party is "necessary" to an action if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see, e.g.*, *In re On-Site Fuel Serv., Inc.*, No. 18-04196-NPO, 2020 WL 3712868, at *10 (Bankr. S.D. Miss. May 8, 2020).

9. In an action for declaratory judgment regarding "[a] determination of ownership of assets," any party that claims an interest in the assets adjudicated is a necessary party. *See In re Rouge Indus., Inc.*, 326 B.R. 55, 58–59 (Bankr. D. Del. 2005); *Wright v. Incline Village Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1206 (D. Nev. 2009) ("[W]here a plaintiff seeks

5

54688198.v1

injunctive or declaratory relief and a third-party has an enforceable interest in the subject matter of the dispute, the court cannot grant complete relief in the third party's absence."); *Withington v. Cloud*, 522 So.2d 263, 264 (Ala. 1988) ("In an action where the final decree affects title, ownership, or interest in real property each possessor of title, ownership or interest must be made a party."). Here, the District Court has an interest in the assets at issue by virtue of its current possession of and control over the Funds. Indeed, if Cross Claimants obtain the relief they seek, it is the District Court, far more than Roche, whose relationship to the Funds will be immediately affected.

10. Whether the turnover claims are brought under Section 542 or Section 543, the party seeking turnover in an adversary proceeding must name the "entity . . . in possession, custody, or control," 11 U.S.C. § 542(a), or the "custodian," 11 U.S.C. § 543, of the estate's purported property, or else it cannot obtain the relief it seeks. *See, e.g.*, *PAPCO, Inc. v. Oleum Expl., LLC*, No. 3:19-CV-00589, 2019 WL 3252416, at *3–4 (M.D. Pa. July 19, 2019) (possessor of property has right to adversary hearing); *cf. In re Great W. Coal, Inc.*, 146 B.R. 702, 704 (Bankr. S.D. Tex. 1992) (naming *state* court as defendant); *In re Vescovo*, 125 B.R. 468, 470 (Bankr. W.D. Tex. 1990) (same). This is a turnover action. None of the parties currently named has the power or authority to turn over the assets. Only the District Court has that authority.

11. Joinder of the District Court is not "feasible." *See* Fed. R. Civ. P. 19(b). Doing so would effectively preclude relief under basic principles of abstention and comity: this Court would be asked to enter an order commanding the District Court for the Northern District of Alabama to transfer assets currently subject to Judge Bowdre's November 7, 2019 Order, which requires that they remain there until "*further order of this court* directing disbursement of the funds deposited into the Registry Fund of the Treasury." Liquidation Order at 4 (emphasis

6

54688198.v1

added); *cf. In re LB Steel, LLC*, 572 B.R. 690, 708–09 (Bankr. N.D. Ill. 2017) (bankruptcy court properly abstains from adjudicating 11 U.S.C. § 543 adversary proceeding when assets are in custody of state-court clerk and intimately tied to merits of years-long parallel proceeding); *cf. also Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (staying case to avoid duplicative litigation).

12. Because the Court cannot grant any of the relief Cross Claimants seek in their declaratory judgment or turnover claims in the absence of the District Court, *see* Fed. R. Civ. P. 19(b)(3), and because joinder is not feasible, those claims must be dismissed. Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(7).

### B. The Transfer of Funds to the District Court was not a Fraudulent Conveyance.

13. Cross Claimants bring a claim for fraudulent conveyance, alleging that they received "no value" in exchange for the District Court's "wrongful taking" of their assets and that they were insolvent at the time the assets were taken. KJM Cross Claim ¶¶ 23–24; Minga Investments Cross Claim ¶¶ 23–24. Cross Claimants assert that the transfer of funds to the District Court was a fraudulent transfer within the meaning of Section 548, and they seek to impose liability on Roche for that fraudulent transfer pursuant to Section 550.

14. Cross Claimants' assertion that their transfer of the Funds to the District Court is a voidable fraudulent transfer within the meaning of Section 548 is nonsense. A transfer is fraudulent if, *inter alia*, the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and "was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation." 11 U.S.C. § 548(a)(1)(B). The statute defines "value" to include "satisfaction or securing of a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2). Moreover, "[c]ourts gen-

7

erally construe the term 'value' broadly for purposes of the Bankruptcy Code." *Templeton v. O'Cheskey*, 785 F.3d 143, 163 (5th Cir. 2015).

15. Far from their assertion that the bankruptcy estates received "no value" in exchange for depositing the Funds with the District Court, KJM Cross Claim ¶ 23; Minga Investments Cross Claim ¶ 23, Cross Claimants' deposits constituted compliance with a legal obligation imposed by the District Court and, thus, protected KJM Holdings, LLC and Minga Investments, LLC from the risk of significant sanctions. In addition, depositing the Funds can be understood as security for Cross Claimants' (and the other Debtors') debt to Roche. The District Court's conclusion that the value of the Funds was "a reasonable approximation of a defendant's ill-gotten gains" is sufficient to establish that the value Cross Claimants received was "reasonably equivalent" to the debt they owed. *Roche*, 2019 WL 5810312, at *5.

## NOTICE

16. Notice of this Motion will be provided to the Debtors and all parties requesting notice pursuant to Bankruptcy Rule 2002. Roche respectfully submits that such notice is good and sufficient under the circumstances and that no other or further notice is required.

*[Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, Roche respectfully requests that the Court enter an order dismissing KJM Holdings, LLC and Minga Investments, LLC's Cross Claims pursuant to Sections 7012 and 7019 of the Bankruptcy Code, and granting it such other and further relief as the Court deems just and proper.

Dated: September 21, 2020

Respectfully submitted,

*/s/ R. Campbell Hillyer*
R. Campbell Hillyer (Miss. Bar No. 106039)
Thomas M. Hewitt (Miss. Bar No. 104589)
**BUTLER SNOW LLP**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7326
(901) 680-7201 facsimile
cam.hillyer@butlersnow.com

AND

**PATTERSON BELKNAP WEBB & TYLER LLP**
Geoffrey Potter
Aron Fischer
Brian P. Guiney
Timothy H. Gray
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

## CERTIFICATE OF SERVICE

I, R. Campbell Hillyer, certify that the foregoing motion was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service via ECF.

Dated: September 21, 2020.

                                                                           */s/ R. Campbell Hillyer*
                                                                           R. CAMPBELL HILLYER